# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND AMADEO, | 1:08-cv-01439 YNP [DLB] (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| STEPHEN MAYBERG, Director of Dept. of Department of Mental Health | |
| Respondent. | |

Petitioner is civilly detained at Coalinga State Hospital pursuant to California's Sexually Violent Predator Act. He is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND**

On September 15, 2008, Petitioner filed the instant petition in federal court claiming that the California Department of Mental Health violated his Fourteenth Amendment due process and equal protection rights by denying Petitioner his statutory right to a psychological evaluation under California's Welfare and Institutions Code § 7250 and the federal mental health patient bill of rights codified in 42 U.S.C. § 9501 (2008). Petitioner claims that, as of the date of the petition, he had been in the State hospital for two and a half years but had yet to be given a "thorough" mental examination for the purpose of ascertaining whether he currently suffers from a mental disorder over which Petitioner has no volitional control to the extent that he is predisposed to commit future sexually violent acts should Petitioner be released. (Pet., 5.)

Respondent has yet been ordered to appear in this case.

**DISCUSSION**

Standard for Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. In this case the Court dismisses the petition on its own motion.

Rule 4 is appropriately applied to petitions brought under § 2241. Although Rule 4 and the other Rules Governing Section 2254 Cases were adopted for petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254, Rule 1 of the Rules Governing Section 2254 provides that "[t]he district court may apply any or all of these rules to a habeas corpus petition" where the petitioner is not in custody under a state-court judgment. Fed. R. Civ. P. 81(a)(2) provides that the civil rules are "applicable to proceedings for. . . .habeas corpus. . . .to the extent that the practice in such proceedings is not set forth in the statutes of the United States and has heretofore conformed to the practice of civil actions." Further, Rule 11 of the Rules Governing Section 2254 Cases states, "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules." The Court has customarily applied Rule 4 in habeas proceedings brought pursuant to both §§ 2254 and 2241.

Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. § 2241(c)(3) provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."

Petitioner's claim arises under California law. He claims that he was not provided a thorough mental examination as proscribed by the California Welfare and Institution Code § 7250. Such claims involve questions of purely state law and are not cognizable in the federal habeas court. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("we have stated many times that 'federal habeas corpus relief does

not lie for errors of state'") quoting <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990). "[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." <u>Sawyer v. Smith</u>, 497 U.S. 227, 239 (1990) quoting <u>Dugger v. Adams</u>, 489 U.S. 401, 409 (1989). Petitioner's claim that he is being detained in violation fo the California Welfare and Institution Code is not cognizable under § 2241.

Petitioner also contends that he has been detained in violation of federal law, namely the mental health patients bill of rights, 42 U.S.C. § 9501. The statute reads in pertinent part:

> It is the sense of the Congress that each State should review and revise, if necessary, its laws to ensure that mental health patients receive the protection and services they require; and in making such review and revision should take into account the recommendations of the President's Commission on Mental Health and the following. . . .the right to an individualizes, written, treatment or service plan (such plan to be developed promptly after admission of such person). the right to treatment based on such plan, the right to periodic review and reassessment of treatment and related services needs, and the right to appropriate revision of such plan, including any revision necessary to provide a description of mental health services that may be needed after such person is discharged from such program or facility.

42 U.S.C. § 9501(B); <u>see also</u> Pet., 4-5.

This Court's reading of the federal statute finds no rights conferred therein to a petitioner who is civilly detained under California's Sexually Violent Predator Act–it is merely a list of suggestions which the states are urged to consider when making their own laws pertaining to mental health patients. The statute does not confer any right which can be challenged through a petition for writ of habeas corpus, nor does it provide for any relief available via §2241.

**CONCLUSION**

Petitioner has failed to state a cognizable federal claim and his petition for writ of habeas corpus must be DISMISSED.

**ORDER**

Accordingly, the petition for writ of habeas corpus is hereby DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: **March 2, 2010**        /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE